**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Shawn Clarke Spottswood,

      Plaintiff,

v.

Uhaul in Hudson WI, et al.,

      Defendants.

Case No. 22-cv-800 (NEB/DTS)

**REPORT AND RECOMMENDATION**

---

Plaintiff Shawn Clarke Spottswood, currently an inmate of a Wisconsin county jail, brings this lawsuit against defendants who—so far as the complaint alleges—each reside in Wisconsin, concerning events that occurred—again, so far as the complaint alleges—entirely within Wisconsin. This Court recommends that this matter be transferred to Wisconsin—specifically, to the United States District Court for the Western District of Wisconsin, which appears to be the most appropriate venue for this litigation.

Under 28 U.S.C. § 1391(b),

> [a] civil action may be brought in—
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

This District fits none of those parameters.  Not a single one of the defendants to this action is alleged by Spottswood to reside in Minnesota.  *See* Compl. at 1 [Dkt. No. 1]. Every single event at issue in the complaint is alleged by Spottswood to have taken place outside of Minnesota.  And another federal venue—the Western District of Wisconsin—appears to be perfectly appropriate for Spottswood to bring his claims for relief.[1]

Nevertheless, Spottswood states that he "want[s] this case in Minnesota District U.S. Court" because he is a resident of Minnesota.  *See* Compl. at 5.  But the residency of the plaintiff is immaterial for establishing venue under § 1391(b).  The District of Minnesota is not an appropriate venue unless the defendants reside here, or the events at issue took place here, or no other federal judicial district in which the action might otherwise be brought.  None of those things is alleged in the pleading, and none appears to be true.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." This Court is dubious of the merits of this litigation.  That said, dismissal rather than transfer of this action would require Spottswood to potentially be responsible for multiple filing fees—one for this action, and another upon refiling in the appropriate venue.  *See* 28 U.S.C. § 1915(b).  In order to avoid this potential consequence, this Court will recommend transfer rather than dismissal.  And because the events at issue in this litigation appear to have taken place entirely within the Western District of Wisconsin, it

---

[1] Indeed, an insistence that this matter remain located in this District would likely yield only a pyrrhic victory for Spottswood, as there is no reason to believe that the Court has personal jurisdiction over the defendants.

is to that District that transfer is recommended.  Spottswood's application to proceed *in forma pauperis* remains pending and may be evaluated by the transferee court.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT this matter be TRANSFERRED to the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1406(a).


Dated: April 19, 2022                              ____s/David T. Schultz_____
                                                   DAVID T. SCHULTZ
                                                   U.S. Magistrate Judge



## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).